UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

| | | |
|---|---|---|
| **Edward Person and Joan Person** | | LONG ISLAND OFFICE |
| | **Plaintiff** | Docket No. |
| -against- | | CV-10 4568 |
| **Kirschenbaum & Phillips, P.C** | **Defendant** | COMPLAINT AND DEMAND FOR JURY TRIAL |

_____X

**Unlawful Debt Collection Practices**

**TRIAL BY JURY DEMANDED**

Plaintiffs, by their attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant debt collector violated the Plaintiffs right to privacy in an attempt to collect an alleged consumer debt. The Defendant telephoned the Plaintiff Joan Person persistently over a course of months in an attempt to collect a debt that was allegedly owed by Plaintiff Edward Person. The Defendant made such calls notwithstanding Joan Person's written request that such telephone harassment stop. The calls violated Joan Person's right to be left alone, and Edward Person's right not to have his private matters disclosed to third parties. Defendant also utilized an automatic telephone dialing system to illegally and persistently call Joan Person, violating her privacy rights afforded under federal law.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq..

3. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 15 U.S.C. Section 1681 (p); 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Venue in this District is proper in that the Defendant transacts business here; the Defendant is located here; and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, Joan Person is a natural person residing in SUFFOLK County, New York. Joan Person is the mother of Plaintiff Edward Person.

6. Plaintiff Edward Person is a natural person over 21 years old residing in SUFFOLK County, New York. Edward Person is the son of Plaintiff Joan Person. Edward Person is a consumer as defined by the FDCPA.

7. Defendant, Kirschenbaum & Phillips, P.C is a New York law firm engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

9. At all times relevant to this complaint, Joan Person was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

10. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. Section 153(14) that originated, routed, and/or terminated telecommunications.

11. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. Section 153(43).

12. The Defendant at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. Section 153(22).

13. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. Section 153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

15. The acts of the Defendants alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

16 Plaintiff repeats paragraphs "1" through "8" as if fully restated herein.

17. Defendant alleges that Plaintiff Edward Person owes a debt for a consumer credit card. The alleged debt of Plaintiff was incurred for personal, family, or household services, and not for any business purpose.

18. At some point unknown to Plaintiffs, Defendant alleges to have acquired the right to attempt to collect such debt.  Defendant has not produced, nor have Plaintiffs seen any documents indicating that Defendant has the legal right to attempt to collect the alleged debt.

19. In 2009, the Defendant began to call the telephone of Plaintiff Joan Person at telephone number (631) 667-7316. The Defendant left messages on the answering machine stating that Defendant was a debt collector attempting to collect a debt from Edward Person.

20. After receiving dozens of such calls, the Plaintiff Joan Person sent a letter to the Defendant demanding that such calls cease. The letter was received by the Defendant. (Exhibit A)

21. Notwithstanding Joan Person's written demand to have the Defendant stop calling her telephone, the calls continued for months. The Defendant left dozens of such messages at (631) 667-7316. The Defendant used an artificial and prerecorded voice to deliver these messages.

22. On or about October 16, 2009, the Defendant again telephoned (631) 667-7316 and left the following message on the answering machine:

> This is a message for Edward "the 1000th" person. If you are not Edward "the 1000th" Person, please hang up or disconnect. If you are Edward "the 1000th" Person, please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Edward "the 1000th" Person. This is the law office of Kirchenbaum and Phillips PC. This is an attempt to collect a debt and any information will be used for that purpose. Please contact this office about an important business matter at 516-746-1144.

The message was left by a pre-recorded and artificial voice.

23. The messages left by the Defendant on October 16, 2009 was listened to by Joan Person.

24. Edward Person never gave the Defendant consent to communicate with any third party in connection with the collection of the alleged debt.

25. In direct violation of 15 USC 1692b(1)(2) and (3), 15 USC 1692d, and 15 USC 1692d (5), amongst other provisions of the FDCPA, the Defendant made dozens of telephone calls to (631) 667-7316 after having been notified via letter that such telephone

belonged to Joan Person and that she was not responsible for the alleged debt. Such calls violated Joan Person and Edward Person's rights under the FDCPA.

26. The messages left by the Defendant on the answering machine revealed to Joan Person that her son allegedly owed a debt clearly violating 15 USC 1692c(b) amongst other provisions of the FDCPA. Such calls violated Edward Person's rights under the FDCPA.

27. Notwithstanding their actual knowledge that Joan Person was not responsible for the alleged debt, and notwithstanding Joan Person's written demand that Defendant stop telephoning her telephone number, the Defendant used their automatic telephone dialing system to persistently call (631) 667- 7316 in violation of the TCPA.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

29. Defendants have violated the FDCPA. Defendant's violations include but are not limited to the following:

    A. Defendants' violated 15 U.S.C. Section 1692 d;

    B. Defendants' violated 15 U.S.C. Section 1692 d (5);

    C. Defendants' violated 15 U.S.C. Section 1692c(b);

    D. Defendants' violated 15 U.S.C. Section 1692c(c);

    E. Defendants' violated 15 U.S.C. Section 1692b(1);

F. Defendants' violated 15 U.S.C. Section 1692b(2); and

G. Defendants' violated 15 U.S.C. Section 1692b(2).

## VI. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

31. The Defendant at all times herein relevant unfairly, intentionally, fraudulently, deceptively, violated the TCPA Section 227 U.S.C. Section b.(1)(B), by initiating a telephone call to a residential telephone line using an artificial or pre recorded voice to deliver a message without the prior express consent of Joan Person.

32. The Defendant's calls to the Joan Person's phone were not exempted from the TCPA for any reason.

33. The Defendant made such calls willfully, and in direct contradiction to the Joan Person's written direction not to call. **(Exhibit A)**

34. The Defendant was aware that Joan Person was not the alleged debtor but, continued to use an automated telephone dialing system to leave pre-recorded messages on the answering machine of the Plaintiff.

35. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

36. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages pursuant to the FDCPA;

2. Statutory damages pursuant to the FDCPA;

3. Statutory damages and treble damages pursuant to the TCPA;

4. Costs and reasonable attorney's fees pursuant to the FDCPA;

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff